UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROOSEVELT LASHAWN WILLIAMS,

     Plaintiff,

v.                                                                                    Hon. Jane M. Beckering

U.S. SECRETARY OF STATE,                                        Case No. 1:25-cv-1405

     Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Roosevelt Lashawn Williams filed a pro se Petition for Compliance on October 6, 2025, against the United States Secretary of State seeking an order essentially directing the Secretary of State to recognize Plaintiff as a "Non-Citizen National," to correct his nationality by publishing the document attached to his petition—a so-called "Declaration/Affidavit of Correction of Status of Nationality" affirming that he is a "Private American National Citizen/Non-Citizen National"—in the Federal Register, and to return a copy of his "Declaration/Affidavit of Correction of Status of Nationality" to him. (ECF No. 1 at PageID.1.)

On November 14, 2025, I granted Plaintiff's motion to proceed *in forma pauperis*. (ECF No. 5.) Accordingly, I have conducted an initial review of the petition pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. For the following reasons, I recommend that the Court dismiss this matter because it is frivolous.

Although Plaintiff does not say so directly, it is clear from his petition and attached "Declaration/Affidavit of Correction of Status of Nationality" that he subscribes to some form of the sovereign citizen movement. As one court has explained,

> Sovereign Citizens is a loosely-affiliated group that believes that state and federal governments are illegitimate and therefore have no authority to regulate their behavior. *See United States v. Ulloa*, 511 F. App'x 105, 106 n.1 (2d Cir. 2013); *Waters v. Madson*, 921 F.3d 725, 732 n.4 (8th Cir. 2019). Adherents to the theory believe that they are "natural humans" (or sovereigns), and that they are "not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011). A Sovereign Citizen may, for instance: rely on the U.C.C.; claim that the use of his name constitutes copyright/trademark infringement; claim that the U.S. Government is bankrupt and operates on a credit system that uses U.S. citizens as collateral; assert that he is proceeding in trust; assert that his status as sovereign citizens differs from fictional individuals identified by a birth certificate or social security number; or preface his name with "All Rights Reserved." *See, e.g.*, *Wood v. United States*, 161 Fed. Cl. 30, 34 (2022); *El v. AmeriCredit Fin. Servs., Inc.*, 710 F.3d 748, 750 (7th Cir. 2013); *Lebron v. BMW Fin. Servs.*, No. 6:21-cv-958, 2021 WL 9594003 (M.D. Fla. Dec. 13, 2021); *Presley v. Prodan*, No. 3:12-3511, 2013 WL 1342465 (D.S.C. Mar. 10, 2013) (collecting cases), *report adopted*, 2013 WL 1342539 (D.S.C. April 2, 2013).

*El-Bey v. North Carolina Dep't of Pub. Safety*, No. 5:21-CV-84, 2023 WL 1073721 at *4 (W.D.N.C. Jan. 27, 2023). "But sovereign citizen legal arguments and theories 'are not valid in the courts of the United States' and have been overwhelmingly rejected for years as frivolous and 'indisputably meritless.'" *Brown v. Exeter Fin. LLC*, No. 3:21-cv-169, 2021 WL 4342336, at *5 (N.D. Tex. Aug. 27, 2021), *report and recommendation adopted*, 2021 WL 4319666 (N.D. Tex. Sept. 23, 2021) (quoting *Mack v. Sweet*, No. 4:17-cv-434, 2017 WL 6756667, at *3–4 (N.D. Tex. Dec. 4, 2017), *report and recommendation adopted*, 2017 WL 6729630 (N.D. Tex. Dec. 28, 2017)).

Plaintiff's petition includes some of the sovereign citizen hallmarks described above. For example, in the caption, Plaintiff includes trust terminology, referring to himself as a "Grantor," as well as a trustee, "Roosevelt-Lashawn of the Williams Family (Trustee)." (ECF No. 1 at PageID.1.) Plaintiff also includes the disclaimer, "Without Prejudice All Rights Reserved," before his signature—a well-known sovereign citizen practice. *See Thompson v. Warden, North Cent. Corr. Inst.*, No. 2:24-cv-4224, 2025 WL 1456564, at *2 (S.D. Ohio May 21, 2025) ("Petitioner

2

signs his Objections 'All rights reserved without prejudice.' Presumably this is some symbol of his adherence to the sovereign citizens movement. It has no legal effect under federal law.") Plaintiff's "Declaration/Affidavit of Correction of Status of Nationality" also indicates that it is the product of sovereign citizen thinking, as it contains the caveat, "NOTICE TO THE PRINCIPLE IS NOTICE TO THE AGENT[;] NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPLE." (ECF No. 1-1 at PageID.6.) *See Smithson v. Koons*, No. 1:15-cv-1757, 2017 WL 3016165, at *2 (M.D. Pa. June 26, 2017). Plaintiff's petition itself, which invokes Section 349 of the Immigration and Nationality Act of 1952 (INA), 8 U.S.C. § 1481, to renounce his U.S. citizenship, is emblematic of sovereign citizen ideology. *See Sipple v. Zevita*, No. 5:23-cv-4038, 2023 WL 4706621, at *2 (D. Kan. July 24, 2023) (describing the plaintiffs' "unintelligible variation of sovereign-citizen-like jargon" invoking 8 U.S.C. § 1481); *In re Marcantel*, Civil Action No. 23-180, 2023 WL 3190435, at *1, 3 (M.D. La. Apr. 3, 2023), *report and recommendation adopted*, 2023 WL 3184315 (M.D. La. May 1, 2023) (finding that the plaintiff's claims invoking 8 U.S.C. § 1481, "which appear to be related to some effort to renounce his United States citizenship and/or to declare his personal sovereignty, are legally frivolous").

Turning to the petition itself, Plaintiff asserts that it "is being filed pursuant to TITLE 28 U.S.C. 2072 and Fed. R. Civ. Proc. 37." (ECF No. 1 at PageID.1.)  This assertion is meritless, as neither Section 2072, which grants the Supreme Court authority to promulgate rules of practice and procedure, nor Rule 37, which applies to discovery disputes in civil cases, authorizes this action. Next, Plaintiff cites federal regulations he claims require the Secretary of State to provide him notice of whether his asserted corrections to his nationality were made and to advise him within 30 days "if the requested amendment is not in conformity with the Act." 1 C.F.R. § 425.4. Here again, Plaintiff asserts a meritless basis for his claim, as the regulations he cites pertain to

3

Privacy Act rights of applicants for White House Fellowships. 1 C.F.R. Part 425. Plaintiff does not claim to have applied for a White House fellowship.

The petition actually appears to be one for a writ of mandamus "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). To obtain relief under this statute, an individual must establish that he has a clear right to relief and that a federal employee has a clear, nondiscretionary duty to act. *See Heckler v. Ringer*, 466 U.S. 602, 616–17 (1984). To ensure that a writ of mandamus is issued only in extraordinary circumstances, the party seeking the writ must satisfy two conditions. First, the petitioner must "have no other adequate means to attain the relief he desires." *Allied Chem. Corp.*, 449 U.S. at 35 (citation omitted); *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943). Second, the petitioner must "satisfy the burden of showing that [his] right to issuance of the writ is clear and indisputable." *Id.* (citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)) (internal quotation marks omitted). *See also In re Post-Newsweek Stations, Michigan Inc.*, 722 F.2d 325, 329 (6th Cir. 1983).

Plaintiff fails to satisfy these conditions. First, he does not allege that he has no adequate means to attain the relief he desires, which appears to be termination of his U.S. citizenship. Plaintiff cites 8 U.S.C. § 1481, which identifies a number of voluntary acts by which a United States citizen by birth or naturalization may renounce or lose his nationality. Plaintiff does not claim to have engaged in any of these acts, several of which must be performed "in" or relating to "a foreign state." Two of the cited acts permit him to make a formal renunciation of his nationality. First, he may formally renounce his nationality before a United States diplomatic or consular officer in a foreign state in a form prescribed by the Secretary of State. 8 U.S.C. § 1481(a)(5).

4

Second, Plaintiff may formally renounce his citizenship on U.S. soil by making "a formal written renunciation of nationality" before an officer designated by the Attorney General.[1] *Id.* § 1481(a)(6).[2] *See Kaufman v. Nielsen*, 896 F.3d 475, 479 (D.C. Cir. 2018). So, Plaintiff has options.

Furthermore, Plaintiff has no "clear and indisputable" right to the relief he seeks discussed above. That is, nothing in 8 U.S.C. § 1481 allows a citizen to renounce his nationality by mailing a made-up document purportedly changing his citizenship status to the Secretary of State for publication in the Federal Register. *Cf. In re Marcantel*, 2023 WL 3190435, at \*4 (rejecting sovereign citizen's action to renounce his U.S. citizenship or have his renunciation recognized because, among other reasons, the plaintiff failed to demonstrate that he satisfied the requirements of 8 U.S.C. § 1481).

In sum, because Plaintiff's action is premised on sovereign citizen ideology and lacks an arguable basis in fact or law, I recommend that it be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2). For the same reason, dismissal is proper because the Court lacks subject matter jurisdiction over this matter. *Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir. 1999) (recognizing that a court may dismiss an action *sua sponte* "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion").

---

[1] Although the statute provides that the Attorney General is responsible for administering Section 1481(a)(6), the Director of United States Citizenship and Immigration Services is now responsible for administering that provision. *See Tutora v. U.S. Att'y Gen. for E. Dist. of Pa.*, No. 2:16-MC-195, 2017 WL 2126321, at \*7 (E.D. Pa. May 16, 2017).

[2] Plaintiff may obtain more information pertaining to an INA Section 349(a)(6) renunciation by contacting the Department of Homeland Security. *See*  https://travel.state.gov/content/travel/en /legal/travel-legal-considerations/us-citizenship/Renunciaton-USCitizenship-persons-claiming-right-residence.html (last visited Nov. 14, 2025).

Date:  November 21, 2025                              /s/ Sally J. Berens
                                                     SALLY J. BERENS
                                                     U.S. Magistrate Judge


     OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).