**FILED - GR**
March 2, 2026 2:09 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW   SCANNED BY: JW  /3-2

UNITED STATES DISTRICT COURT

FOR THE

WESTERN DISTRICT OF MICHIGAN


ROOSEVELT LASHAWN WILLIAMS
554 BOYNTON
BENTON HARBOR, MI 49022
(269) 208-0550
E-Mail: menoflightorganization@gmail.com

CASE NO. 1:25-cv-1405


ROOSEVELT LASHAWN WILLIAMS
        PLAINTIFF(S),



v.                                                      Case No. 1:25-cv-1405
                                                        JUDGE JANE M BECKERING

U.S SECRETARY OF STATE
DEFENDANT(S),
_____/


NOTICE OF INTENT TO APPEAL

I, Roosevelt-Lashawn of the Williams Family, do hereby serve due and sufficient notice of Intent to APPEAL said ERRONOUS MERITLESS RULING issued on the 5th Day of March in the Year of Our LORD Two Thousand Twenty-Five.

Without Prejudice All Rights Reserved

Roosevelt-Lashawn of the Williams Family, Sui Juris

UNITED STATES DISTRICT COURT

FOR THE

6th CIRCUIT COURT OF APEALS

ROOSEVELT LASHAWN WILLIAMS, (GRANTOR)
Roosevelt-Lashawn of the Williams Family (Trustee)
    Plaintiff(s)

v.

                                      HONORABLE JUDGE: _____

                                      CASE NO.: _____

SECRETARY OF STATE
    DEFENDANT(S)
_____/

APPEAL FROM FINAL DECISION FOR WRIT OF MANDAMUS
ORAL ARGUMENT REQUESTED

This said brief of appellee, ROOSEVELT LASHAWN WILLIAMS, is an appeal from a final decision issued by the U.S DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN JUDGE JANE M. BECKERING, CASE NO. 1:25-cv-1405.

DISCUSSION

- On the Sixth Day of August, in the Year of Our LORD, Two Thousand Twenty-Five, pursuant to 1 CFR 425.4 and TITLE 8 U.S.C 1481, two copies of DECLARATION/AFFIDAVIT OF CORRECTION OF STATUS OF NATIONALITY was indeed received and filed with the UNITED STATES SECRETARY OF STATE. (See Per Se Notum (A) Correspondence to the UNITED STATES SECRETARY OF STATE page 2 of 2 Proof of Service/Proof of Receipt)

1 of 9

- On the 10th Day November in the Year of Our LORD, Two Thousand Twenty-Five, after not receiving a response from the UNITED STATES SECRETARY OF STATE of proof of the requested Nationality Status Correction a WRIT OF MANDAMUS mistakenly mislabeled as "PETITION FOR COMPLIANCE" was filed with the U.S DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN requesting an order be issued directing the UNITED STATES SECRETARY OF STATE to provide proof of filing an copies of documents necessary to obtain supporting documentation for a passport reflecting the correction of Nationality.

- On the Twenty First Day of November, in the Year of Our LORD, Two Thousand Twenty-Five, U.S DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN MAGISTRATE JUDGE SALLY J. BERENS filed a biased, libelous, misleading false REPORT AND RECOMMENDATION.

- On the twelfth Day of December, in the Year of Our LORD Two Thousand Twenty-Five, an OBJECTION TO REPORT AND RECOMMENDATION was filed addressing the claim(s) in the REPORT AND RECOMMENDATION pointing out that no such documents as claimed by MAGISTRATE JUDGE SALLY J BERENS were before the U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN, no such claim was being made by the plaintiff....etc.

- On the Thirteenth Day of February, in the Year of Our LORD Two Thousand Twenty-Six, UNITED STATES DISTRICT COURT JUDGE JANE M. BECKERING of the U.S DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN, contrary to U.S SUPREME COURT RULINGS, Federal Rules Of Civil Procedures, and all applicable laws, entered a biased Ruling based on false statements and no supporting legal facts and/or evidence.

STATEMENTS ISPO FACTO

US Supreme Court cases have established that individuals possess a right to renounce U.S. citizenship, *voluntarily change their nationality, or correct their status*, particularly through mechanisms of dual nationality, election of nationality upon reaching majority, or voluntary renunciation. Landmark cases include Perkins v. Elg regarding dual nationality choices, and United States v. Wong Kim Ark regarding birthright and, by extension, the ability to assert citizenship over foreign nationality.

Key Supreme Court Cases

Perkins v. Elg (1939): The Court ruled that a child born in the U.S. to foreign parents, who is then taken back to the parents' country, can "elect" to retain U.S. citizenship upon reaching majority, thereby choosing their nationality over that of their parents.

United States v. Wong Kim Ark (1898): This case established that the 14th Amendment guarantees birthright citizenship to anyone born in the U.S., even if parents are foreign subjects. This provides the foundational right to assert U.S. nationality despite foreign claims.

Trop v. Dulles (1958): The Court ruled that citizenship cannot be stripped as a punishment, reinforcing that changing one's nationality must be a voluntary act, not an involuntary, state-imposed penalty.

Voluntary Renunciation (Statutory basis): While not a single case, the Supreme Court has recognized the right to expatriation (voluntary renunciation) as a "natural and inherent right of all people," now governed by 8 U.S.C. § 1481.

These rulings collectively recognize that, while U.S. citizenship is highly protected, an individual has the autonomy to change, select, or correct their nationality.

On the Sixth Day of August, in the Year of Our LORD Two Thousand Twenty-Five this right was legally and lawfully utilized via the filing of a DECLARATION/AFFIDAVIT OF CORRECTION OF STATUS OF NATIONALITY with the U.S SECRETARY OF STATE, NOT the U.S DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN to which the U.S SECRETARY OF STATE as required by law, did not deny, reject, respond [n]or sending any notice of non compliance, [n]or any proof of filing [n]or any documentation for the PLAINTIFF/APPALNTS record.

Upon not receiving any response from the U.S SECRETARY OF STATE the PLAINTIFF/APPALENT, having no other available remedies of relief, a WRIT OF MANDAMUS, was filed with the U.S DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN requesting an order be issued directing the U.S SECRETARY OF STATE to comply with Federal Rules of Civil Procedure and any and all applicable laws by returning to the PLAINTIFF documentation of proof of correction of Nationality. Appellant attached a Per Se Notum document to the WRIT OF MANDAMUS to serve as PROOF OF SERVICE/PROOF OF RECEIPT via the U.S SECRETARY OF STATE.

MAGISTRATE JUDGES SALLY J. BERENS completely ignored the WRIT OF MANDAMUS and without justification took it upon herself to fraudulently and frivolous issue a REPORT AND RECOMMENDATION "RULING" based on matters NOT presented before the U.S DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN [n]or in the U.S DISTRICT COURT jurisdiction. MAGISTRATE JUDGE SALLY J. BERENS falsely stated that the WRIT OF MANDAMUS was a petition/attempt to "RENOUNCE CITIZENSHIP" demonstrating bias/prejudicial and slandering the PLAINTIFF(S).

The U.S. Supreme Court has established that for issues to be preserved for appeal, the trial court must be adequately put on notice of the objection so it has a chance to correct the error, as outlined in Nelson v. Adams USA, Inc., 529 U.S. 460 (2000). While this requires the issue to be raised, federal rules and related Supreme Court guidance specifically require that, for magistrate judges, a district judge must conduct a de novo review of any objection.

Key U.S. Supreme Court cases and procedural rules regarding the duty to address objections include:

Nelson v. Adams USA, Inc., 529 U.S. 460 (2000): The Court explained that to preserve an issue for appeal, the lower tribunal must be "fairly put on notice as to the substance of the issue".

Thomas v. Arn, 474 U.S. 140 (1985): The Court held that a district court is not required to review a magistrate judge's report de novo if no objections are filed. Conversely, this implies a duty to address objections that are raised.

Peretz v. United States, 501 U.S. 293 (1991): The Court indicated that de novo review of a magistrate judge's recommendation is required to satisfy Article III concerns when an objection is made.

Matthews v. Weber, 423 U.S. 261, 270–271 (1976): Discussed the duty of the district judge to review the magistrate's recommendations and the role of objections in that process.

Roell v. Withrow, 538 U.S. 580 (2003): Examined the waiver of objections and the necessity of consent in magistrate proceedings.

Procedural Rules & Requirements:

Federal Rule of Civil Procedure 46 (Objecting to a Ruling or Order): Establishes that a party must state the action they want the court to take or object to, and the grounds for that objection.

Federal Rule of Criminal Procedure 59 (Matters Before a Magistrate Judge): Explicitly states that a "district judge must consider de novo any objection to the magistrate judge's recommendation".

Important Distinctions

Appellate Preservation: To properly preserve an objection for appeal, it is generally necessary for the complaining party to obtain a ruling on their objection, according to principles in Appellate Rule 10.

"Speaking" Objections: While trial judges may discourage long arguments, the substance of the objection must be clearly articulated to allow the judge to address it.

4 of 9

Under 28 U.S.C. § 636(b)(1), a federal district judge must make a de novo determination of those portions of a magistrate judge's report and recommendation (R&R) to which specific, timely objection is made. Supreme Court cases reinforcing this requirement for thorough review include:

Thomas v. Arn, 474 U.S. 140 (1985): Confirmed that while the statute requires de novo review upon objection, it does not require a district court to review the record de novo if no objections are filed.

United States v. Merz, 376 U.S. 192 (1964): Emphasized that a district court must ensure the magistrate's report is sufficiently detailed to allow for meaningful, independent review of the issues.

Matthews v. Weber, 423 U.S. 261 (1976): Interpreted the Magistrate's Act to require the district judge to review the "recommended disposition" and "matters of record".

Key takeaway: The court must address specifically objected-to portions to satisfy Article III concerns, as highlighted in Peretz v. United States, 501 U.S. 293 (1991).

**Federal courts must provide reasons for dismissing a case to ensure proper judicial review and adherence to procedural fairness. Key Supreme Court cases establishing the need for transparency and justification in dismissals** include Foman v. Davis (1962), requiring reasons for denying leave to amend, Bell v. Hood (1946), regarding jurisdictional dismissals, and Link v. Wabash Railroad Co. (1962), which touches on justifications for involuntary dismissals.

- *Foman v. Davis*, **371 U.S. 178 (1962):** The Court emphasized that a refusal to grant leave to amend a complaint without providing a justifying reason (such as undue delay, bad faith, or futility) is an abuse of discretion.

- *Bell v. Hood*, **327 U.S. 678 (1946):** The Court held that a complaint should not be dismissed for failure to state a claim unless it is immaterial, made solely for the purpose of obtaining jurisdiction, or wholly insubstantial, requiring the court to articulate why it lacks jurisdiction or why the claim fails.

- *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962): The Court affirmed that while federal courts have inherent power to dismiss for failure to prosecute, such dismissals must be justified by the circumstances, often requiring a record that shows "deliberate delay" or "contumacious conduct".

- *Smith v. Spizzirri*, (2024): The Court unanimously ruled that under the Federal Arbitration Act, a court must stay, rather than dismiss, a case if a party requests it, ensuring the case remains in federal court rather than being fully removed.

- *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001): While focusing on the preclusive effect, this case highlights that the grounds for dismissal (e.g., statute of limitations) matter for whether it is with or without prejudice

Federal district courts are required to conduct a de novo review and specifically address any part of a Magistrate Judge's report and recommendation (R&R) that has been properly objected to, according to 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b). The judge may then accept, reject, or modify the recommended disposition.

Key Requirements for Objections

Timeframe: Written objections must be filed within 14 days after being served with a copy of the recommendation.

Specificity: The objections must be specific. General objections that do not point to specific errors in the R&R may not trigger the de novo

In Thompson v. United States (2025), the Supreme Court held that statutes prohibiting "false statements" (specifically 18 U.S.C. §1014) only cover literally false statements, not merely misleading ones, meaning a technically true but misleading statement cannot sustain a criminal conviction. While Thompson limits criminal convictions, LaChance v. Erickson (1998) established that a government agency can take adverse actions (like dismissal) against an employee for making false statements during an investigation.

Key Supreme Court cases regarding false statements and their legal consequences include:

Thompson v. United States (2025): The Court ruled that misleading statements are not automatically "false" under federal fraud statutes, narrowing the scope of what constitutes a "false statement" that can sustain a criminal conviction.

LaChance v. Erickson (1998): The Court held that federal employees can be disciplined or dismissed for making false statements to investigators regarding misconduct, confirming that false statements can support adverse employment actions.

Brogan v. United States (1998): The Court rejected the "exculpatory no" doctrine, holding that a false denial of wrongdoing in response to investigator questions can violate 18 U.S.C. § 1001.

Pickering v. Board of Education (1968): Regarding employment, the Court held that a public employee cannot be dismissed for false statements about matters of public concern unless those statements were made with knowledge of their falsity or reckless disregard for the truth

*US Supreme Court cases establish that courts must base decisions on the evidence and facts present in the official record, adhering to procedural rules to ensure fair, reviewable, and legally sound outcomes. Key principles include ensuring all evidence is part of the record for review and that verdicts are based on findings of fact.*

Dred Scott v. Sandford, 60 U.S. 393 (1857): The Court held that on a writ of error, the case is confined to the "transcript of the record of all the proceedings" for inspection and revision.

Parsons v. Bedford, 28 U.S. 433 (1830): This case established that the facts tried by a jury cannot be re-examined in any court of the United States, emphasizing the sanctity of the facts as found and recorded.

Michelson v. United States, 335 U.S. 469 (1948): Highlighted that legal, not factual, errors are usually the subject of review, and trial courts have discretion to manage evidence within the record.

Brady v. Maryland, 373 U.S. 83 (1963): Required that for a fair trial, all material, exculpatory evidence must be disclosed and made part of the record, as suppression of such evidence violates due process.

Erlinger v. United States, 603 U.S. ___ (2024): Reinforced that the Sixth Amendment requires a jury to determine all facts necessary to a punishment, confirming that sentences must be based on the record of facts found by a jury.

These cases highlight that appellate courts are generally limited to the record created in the lower court, as the record represents the sole, authorized set of facts for the judicial proceeding.

In the Appellant's OBJECTION TO REPORT AND RECOMMENDATION,  appellant clearly and concisely points out:

- That the document(s) presented before the U.S DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN served as PROOF OF SERVICE/PROOF OF RECEIPT

- That said document(s) in shape, form, [n]or fashion pertains to RENOUNCE CITIZENSHIP but to the correction of Nationality as stated by the U.S SUPREME Court as my right to exercise.

- That said actions of addressing and/labeling the PLAINTIFF as anything the PLAINTIFF themselves didn't being libelous and biased

- Factual law(s) and U.S SUPREME COURT RULING eliminating any and all false denial of one's clearly established identity and anyone claiming to be what the Declaration of Independence, the Pre Amble of the united States of America Constitution, and U.S SUPREME COURT has already deemed the People are, had such a statement and/or claim been asserted.

UNITED STATES DISTRICT COURT JUDGE JANE M.  BECKERING not only failed to adhere to the above cited U.S. SUPREME COURT RULINGS/DECISIONS and FEDERAL STATUES as witnessed by the order to dismiss without any indication of why other than stating "In accordance with the Opinion and Order entered this date." [sic] but has demonstrated actions of "Rubber Stamping", bias, and prejudicial behavior, as there's no addressing of the issues raised in the REPORT AND RECOMMENDATION [n]or the OBJECTION TO REPORT AND RECOMMENDATION as required by law.

The U.S SUPREME COURT is clear in its statement that rulings are to be based on the matters before the court, to which the matter that was presented before the U.S DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN is that of the U.S SECRETARY OF STATE failure to follow applicable laws and not the matter/issue of NATIONALITY.

As such this matter should be remanded back to the U.S DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN for relief consistent with that of a WRIT OF MANDAMUS as the reason for dismissal is frivolous and without merit.

Without Prejudice All Rights Reserved

Roosevelt-Lashawn of the Williams Family, Sui Juris

CERTIFICATE OF SERVICE

I/We do hereby certify under penalty of perjury that on this Twenty-Sixth Day of February, in the Year of Our LORD, Two Thousand Twenty-Six, to mailing via First Class mail a copy of this said presentment to all parties.

ROOSEVELT L. WILLIAMS
554 BOYNTON AVE
BENTON HARBOR MI 49022
    Under Necessity

**CPU**

U.S. POSTAGE IMI
$1.07
FCML    RDC 99
Orig: 49002
Dest: 49503
02/25/26
2000051551

UNITED STATES DISTRICT
COURT
339 FEDERAL BUILDING
110 MICHIGAN N.W
GRAND RAPIDS MI 49503